KM

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ralph John Chapa, | No. CV 12-293-PHX-DGC (DKD) |
| Plaintiff, | **ORDER** |
| vs. | |
| Jeffrey Alvarez, et al., | |
| Defendants. | |

Plaintiff Ralph John Chapa, who is confined in the Maricopa County Fourth Avenue Jail, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. The Court will dismiss the Complaint with leave to amend.

**I.     "Three Strikes Provision" of 28 U.S.C. § 1915(g)**

The Prison Litigation Reform Act of 1995 (PLRA), enacted on April 26, 1996, provides that a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  Because § 1915(g) is a procedural rule that does not raise retroactivity concerns, cases that were dismissed before the effective date of § 1915(g), i.e., April 26, 1996, may be counted as qualifying dismissals or "strikes." Tierney v. Kupers, 128 F.3d 1310, 1311-12 (9th Cir. 1997).  A prisoner barred from proceeding *in*

JDDL

*forma pauperis* pursuant to § 1915(g) may proceed under the fee provisions of 28 U.S.C. §§ 1911-14 applicable to everyone else.  Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir.1996).

At least three of the prior actions Plaintiff has filed in federal courts have been dismissed as frivolous, malicious, or as failing to state a claim:

(1)  Chapa v. Hackwell, CIV 03-1364-PHX-RCB (DKD), March 5, 2004 Order (Doc. 16) and Judgment of Dismissal (Doc. 17) dismissing the action for failure to state a claim and noting the dismissal may fall within the purview of 28 U.S.C. § 1915(g);

(2)  Chapa v. Cullhane, CIV 03-2256-PHX-RCB (DKD), April 9, 2004 Order (Doc. 4) and Judgment of Dismissal (Doc. 6) dismissing the action for failure to state a claim and noting the dismissal may fall within the purview of 28 U.S.C. § 1915(g), and July 20, 2005 Mandate from the Ninth Circuit Court of Appeals affirming dismissal; and

(3)  Chapa v. Steinhauser, CIV 03-1336-PHX-RCB (DKD), May 17, 2004 Order (Doc. 14) and Judgment of Dismissal (Doc. 15) dismissing the action for failure to state a claim and noting that the dismissal may fall within the purview of 28 U.S.C. § 1915(g).

The Court has reviewed the above Orders of dismissal and finds that each counts as a "strike" for the purposes of 28 U.S.C. § 1915(g).  Accordingly, Plaintiff may not bring a civil action without complete pre-payment of the $350.00 filing fee unless he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

In his Complaint, Plaintiff alleges that he is denied pain medication for "24-hour," ongoing pain; is denied eyeglasses; and is denied treatment for severe carpal tunnel syndrome.  Plaintiff alleges that the denial of treatment has lasted for more than one year, is ongoing, and places him in imminent danger of serious physical injury.  The Court finds Plaintiff's allegations regarding the denial of pain medication and denial of prescription eyeglasses are sufficient to meet the "imminent danger" standard of § 1915(g) and will allow Plaintiff to proceed *in forma pauperis*.

## II.   Application to Proceed *In Forma Pauperis* and Filing Fee

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted.  28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1).  The statutory

1  fee will be collected monthly in payments of 20% of the previous month's income each time

2  the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will enter a

3  separate Order requiring the appropriate government agency to collect and forward the fees

4  according to the statutory formula.

5  **III.   Statutory Screening of Prisoner Complaints**

6        The Court is required to screen complaints brought by prisoners seeking relief against

7  a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C.

8  § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised

9  claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

10  be granted, or that seek monetary relief from a defendant who is immune from such relief.

11  28 U.S.C. § 1915A(b)(1), (2).

12        A pleading must contain a "short and plain statement of the claim *showing* that the

13  pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not

14  demand detailed factual allegations, "it demands more than an unadorned, the-defendant-

15  unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

16  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

17  statements, do not suffice." Id.

18        "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

19  claim to relief that is plausible on its face.'"  Id. (quoting Bell Atlantic Corp. v. Twombly,

20  550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content

21  that allows the court to draw the reasonable inference that the defendant is liable for the

22  misconduct alleged."  Id.  "Determining whether a complaint states a plausible claim for

23  relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial

24  experience and common sense."  Id. at 1950.  Thus, although a plaintiff's specific factual

25  allegations may be consistent with a constitutional claim, a court must assess whether there

26  are other "more likely explanations" for a defendant's conduct.  Id. at 1951.

27        But as the United States Court of Appeals for the Ninth Circuit has instructed, courts

28  must "continue to construe *pro se* filings liberally."  Hebbe v. Pliler, 627 F.3d 338, 342 (9th

1   Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards

2   than formal pleadings drafted by lawyers.'"  <u>Id.</u> (quoting <u>Erickson v. Pardus</u>, 551 U.S. 89,

3   94 (2007) (*per curiam*)).

4      If the Court determines that a pleading could be cured by the allegation of other facts,

5   a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the

6   action.  <u>See</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).  The Court

7   should not, however, advise the litigant how to cure the defects.  This type of advice "would

8   undermine district judges' role as impartial decisionmakers."  <u>Pliler v. Ford</u>, 542 U.S. 225,

9   231 (2004); <u>see also</u> <u>Lopez</u>, 203 F.3d at 1131 n.13 (declining to decide whether the court was

10  required to inform a litigant of deficiencies).  The Court will dismiss Plaintiff's Complaint

11  for failure to state a claim, but because the Complaint may possibly be saved by amendment,

12  will dismiss the Complaint with leave to amend.

13  **IV.**  **Complaint**

14     In his one-count Complaint, Plaintiff names twenty-three Defendants and alleges that

15  his Eighth and Fourteenth Amendment rights are violated by the denial of adequate medical

16  care.  Plaintiff seeks money damages and injunctive relief.

17  **V.**  **Failure to Comply with Rules 8 and 10 of the Federal Rules of Civil Procedure**

18     Rule 8(a) of the Federal Rules of Civil Procedure requires a "short and plain statement

19  of the claim."  Fed. R. Civ. P. 8(a)(2).  Rule 8(d)(1) states that "[e]ach allegation must be

20  simple, concise, and direct."  A complaint having the factual elements of a cause of action

21  scattered throughout the complaint and not organized into a "short and plain statement of the

22  claim" may be dismissed for failure to satisfy Rule 8(a).  <u>See</u> <u>Sparling v. Hoffman Constr.</u>

23  <u>Co.</u>, 864 F.2d 635, 640 (9th Cir. 1988); <u>see</u> <u>also</u> <u>McHenry v. Renne</u>, 84 F.3d 1172 (9th Cir.

24  1996).  Rule 10(b) of the Federal Rules of Civil Procedure also requires a plaintiff to state

25  claims in "numbered paragraphs, each limited as far as practicable to a single set of

26  circumstances."  Fed. R. Civ. P. 10(b).  Moreover, "[i]f doing so would promote clarity, each

27  claim founded on a separate transaction or occurrence . . . must be stated in a separate count."

28  Fed. R. Civ. P. 10(b).  It is not the responsibility of the Court to review a rambling narrative

1   in an attempt to determine the number and nature of a plaintiff's claims.

2          Although Plaintiff has used the court-supplied form, the Court has reviewed Plaintiff's

3   Complaint and concludes that it fails to comply with Rules 8 and 10 of the Federal Rules of

4   Civil Procedure. Plaintiff's Complaint consists of a lengthy, twenty-page narrative that raises

5   multiple claims for relief against multiple Defendants.   Plaintiff has not divided his

6   Complaint in to separate counts and it appears that Plaintiff has failed to make any factual

7   allegations against several of the named Defendants. The Court cannot meaningfully review

8   the Complaint, as required by 28 U.S.C. § 1915A(a).  Accordingly, the Court will dismiss

9   the Complaint with leave to amend.

10  **VI.    Leave to Amend**

11         For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to

12  comply with Rules 8 and 10 of the Federal Rules of Civil Procedure.  Within 30 days,

13  Plaintiff may submit a first amended complaint to cure the deficiencies outlined above.  The

14  Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended

15  complaint.  If Plaintiff fails to use the court-approved form, the Court may strike the

16  amended complaint and dismiss this action without further notice to Plaintiff.

17         If Plaintiff files an amended complaint, Plaintiff must write short, plain statements

18  telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of

19  the Defendant who violated the right; (3) exactly what that Defendant did or failed to do;

20  (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's

21  constitutional right; and (5) what specific injury Plaintiff suffered because of that

22  Defendant's conduct.  See Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

23         Plaintiff must repeat this process for each person he names as a Defendant. If Plaintiff

24  fails to affirmatively link the conduct of each named Defendant with the specific injury

25  suffered by Plaintiff, the allegations against that Defendant will be dismissed for failure to

26  state a claim.  **Conclusory allegations that a Defendant or group of Defendants have**

27  **violated a constitutional right are not acceptable and will be dismissed**.

28         Plaintiff must clearly designate on the face of the document that it is the "First

Amended Complaint."  The first amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference.  **Plaintiff may include only one claim per count**.

A first amended complaint supersedes the original complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat an original complaint as nonexistent.  Ferdik, 963 F.2d at 1262.  Any cause of action that was raised in the original complaint is waived if it is not raised in a first amended complaint.  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

**VII.   Motions**

On February 23, 2012, Plaintiff filed a Motion for Appointment of Counsel.  There is no constitutional right to the appointment of counsel in a civil case.  See Ivey v. Board of Regents of the University of Alaska, 673 F.2d 266, 269 (9th Cir. 1982).  In proceedings *in forma pauperis*, the court may request an attorney to represent any person unable to afford one.  28 U.S.C. § 1915(e)(1).  Appointment of counsel under 28 U.S.C. § 1915(e)(1) is required only when "exceptional circumstances" are present.  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).  A determination with respect to exceptional circumstances requires an evaluation of the likelihood of success on the merits as well as the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issue involved.  Id.  "Neither of these factors is dispositive and both must be viewed together before reaching a decision."  Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Having considered both elements, it does not appear at this time that exceptional circumstances are present that would require the appointment of counsel in this case.  Plaintiff is in no different position than many *pro se* prisoner litigants.  Thus, the Court will deny without prejudice Plaintiff's Motion for Appointment of Counsel.

Plaintiff included in his Motion for Appointment of Counsel an "objection" to the assignment of his case to the undersigned Judge and Magistrate Judge David K. Duncan.  A motion to recuse a judge, whether it is based on 28 U.S.C. §455(a), 28 U.S.C. §455(b)(1) or

1  28 U.S.C. §144, must demonstrate that any alleged bias or impartiality stems from
2  extrajudicial conduct, *i.e.*, a litigant may not seek recusal based on a prior adverse ruling in
3  the case.  See  Hasbrouck v. Texaco, Inc., 830 F.2d 1513 (9th Cir. 1987) (citing In re Beverly
4  Hills Bancorp, 752 F.2d 1334, 1341 (9th  Cir. 1984)) (28 U.S.C. §455(a) & (b)(1)); United
5  States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986) (same);  United States v. Grinnell Corp.,
6  384 U.S. 563, 583 (1966) (28 U.S.C. §144).  Plaintiff has not demonstrated or even suggested
7  any extrajudicial bias.  Accordingly, to the extent that Plaintiff seeks recusal of the
8  undersigned Judge and Magistrate Judge Duncan from this case, his request is denied.

9  **VIII.  Warnings**

10      **A.      Release**

11      Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.
12  Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay
13  the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result
14  in dismissal of this action.

15      **B.      Address Changes**

16      Plaintiff must file and serve a notice of a change of address in accordance with Rule
17  83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other
18  relief with a notice of change of address.  Failure to comply may result in dismissal of this
19  action.

20      **C.      Copies**

21      Plaintiff must submit an additional copy of every filing for use by the Court.  See
22  LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice
23  to Plaintiff.

24      **D.      Possible Dismissal**

25      If Plaintiff fails to timely comply with every provision of this Order, including these
26  warnings, the Court may dismiss this action without further notice.  See Ferdik, 963 F.2d at
27  1260-61 (a district court may dismiss an action for failure to comply with any order of the
28  Court).

**IT IS ORDERED:**

(1)     Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) is **granted**.

(2)     As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

(3)     The Complaint (Doc. 1) is **dismissed** for failure to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure.  Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(4)     If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action without prejudice.

(5)     Plaintiff's Motion for Appointment of Counsel and Objection (Docs. 5 and 6) are **denied**.

(6)     The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

DATED this 6th day of April, 2012.

_____
David G. Campbell
United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3. <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing Fee</u>.  The filing fee for this action is $350.00.  If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6. <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $350 filing fee or the application to proceed *in forma pauperis* to:**

| Phoenix & Prescott Divisions: | **OR** | Tucson Division: |
|---|---|---|
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona  85003-2119 | | Tucson, Arizona  85701-5010 |

7.  <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*).  Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this _____ (month, day, year) to:
> Name:  _____
> Address:_____
>         Attorney for Defendant(s)
>
> _____
> (Signature)

9.  <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  <u>See</u> Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.  <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint.  Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.  Completing the Civil Rights Complaint Form.

**HEADING:**

1.  Your Name.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

2.  Defendants.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

3.  Jury Demand.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

1.  Nature of Suit. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "Bivens v. Six Unknown Federal Narcotics Agents" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

2.  Location.  Identify the institution and city where the alleged violation of your rights occurred.

3.  Defendants.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page. Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

3

1. Counts.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. Issue Involved.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. Supporting Facts.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. Injury.  State precisely how you were injured by the alleged violation of your rights.

5. Administrative Remedies.  You must exhaust any available administrative remedies before you file a civil rights complaint.  See 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

**FINAL NOTE**

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ , )
(Full Name of Plaintiff)          )
      Plaintiff,     )
                   )
      vs.          )  **CASE NO.** _____
                   )       (To be supplied by the Clerk)
(1)_____ , )
(Full Name of Defendant)          )
(2)_____ , )
                   )  **CIVIL RIGHTS COMPLAINT**
(3)_____ , )  **BY A PRISONER**
                   )
(4)_____ , )  ☐ Original Complaint
      Defendant(s).     )  ☐ First Amended Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them. )  ☐ Second Amended Complaint

## A. JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
        ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
        ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
        ☐ Other: _____ .

2.   Institution/city where violation occurred: _____ .

Revised 3/9/07                           1                          **550/555**

## B.  DEFENDANTS

1.   Name of first Defendant: _____. The first Defendant is employed as:
_____at_____.
(Position and Title)                                                                (Institution)

2.   Name of second Defendant: _____. The second Defendant is employed as:
_____at_____.
(Position and Title)                                                                (Institution)

3.   Name of third Defendant: _____. The third Defendant is employed as:
_____at_____.
(Position and Title)                                                                (Institution)

4.   Name of fourth Defendant: _____. The fourth Defendant is employed as:
_____at_____.
(Position and Title)                                                                (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.   Have you filed any other lawsuits while you were a prisoner?        ☐ Yes        ☐ No

2.   If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

   a.  First prior lawsuit:
      1.   Parties: _____ v. _____
      2.   Court and case number: _____.
      3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
      _____.

   b.  Second prior lawsuit:
      1.   Parties: _____ v. _____
      2.   Court and case number: _____.
      3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
      _____.

   c.  Third prior lawsuit:
      1.   Parties: _____ v. _____
      2.   Court and case number: _____.
      3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
      _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

## D.  CAUSE OF ACTION

### COUNT I

1.  State the constitutional or other federal civil right that was violated: _____
_____.

2.  **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities        ☐ Mail        ☐ Access to the court        ☐ Medical care
☐ Disciplinary proceedings  ☐ Property    ☐ Exercise of religion       ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____

3.  **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.  **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.  **Administrative Remedies:**
a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                      ☐ Yes    ☐ No
b.  Did you submit a request for administrative relief on Count I?            ☐ Yes    ☐ No
c.  Did you appeal your request for relief on Count I to the highest level?   ☐ Yes    ☐ No
d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

3

## COUNT II

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
 ☐ Basic necessities ☐ Mail ☐ Access to the court ☐ Medical care
 ☐ Disciplinary proceedings ☐ Property ☐ Exercise of religion ☐ Retaliation
 ☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☐ Yes ☐ No
   b.   Did you submit a request for administrative relief on Count II? ☐ Yes ☐ No
   c.   Did you appeal your request for relief on Count II to the highest level? ☐ Yes ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

## COUNT III

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities      ☐ Mail          ☐ Access to the court       ☐ Medical care
☐ Disciplinary proceedings   ☐ Property    ☐ Exercise of religion     ☐ Retaliation
☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available
        at your institution?                                          ☐ Yes    ☐ No
   b.   Did you submit a request for administrative relief on Count III?      ☐ Yes    ☐ No
   c.   Did you appeal your request for relief on Count III to the highest level?  ☐ Yes    ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why
        you did not. _____
        _____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____            _____
                       DATE                                       SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)
_____
_____
_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.