KM

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ralph John Chapa, | No. CV 12-293-PHX-DGC (DKD) |
| Plaintiff, | |
| vs. | **ORDER** |
| Jeffrey Alvarez, et al., | |
| Defendants. | |

On February 23, 2012, Plaintiff Ralph John Chapa, who is confined in the Maricopa County Fourth Avenue Jail, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. In an April 9, 2012 Order, the Court granted the Application to Proceed, dismissed the Complaint, and gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order. The Order was returned to the Court as undeliverable and this action was dismissed for failure to prosecute.

On June 8, 2012, Plaintiff filed a "Notice of Change of Booking Number" and provided the Court with an updated address. Plaintiff also challenged the dismissal of this action because he stated that he never received the April 9th Order. In an October 19, 2012 Order, the Court reopened this action and granted Plaintiff an additional 30 days to file a First Amended Complaint.

On November 13, 2012, Plaintiff filed his First Amended Complaint (Doc. 20). The Court will order Defendant Alvarez to answer the First Amended Complaint and will dismiss the remaining Defendants without prejudice.

**I.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338,

342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

**II.     First Amended Complaint**

Plaintiff names the following Defendants in the First Amended Complaint: Correctional Health Services Director Jeffrey Alvarez; Maricopa County Board of Supervisors; Correctional Health Services "PA-C" Matthew Barker; and Assistant Maricopa County Attorney Sherie Flaggman.

Plaintiff raises one claim for relief in which he alleges that, pursuant to a policy implemented by Defendant Alvarez, he is denied prescription eyeglasses.[1] Plaintiff claims that he has no money with which to obtain eyeglasses or family who can provide eyeglasses for him. As a result of the denial of eyeglasses, Plaintiff states that the blood vessels in his eye "exploded," causing a loss of vision for one week, and that he suffers severe headaches, nausea, and dizziness. Plaintiff submits a March 15, 2012 progress note from neurologist Dr. Mark A. Merroto stating that Plaintiff "was seen by ophthalmology on 03/26/2009. It was felt that he had a significant refractive error and that he should be fitted with glasses. An uncorrected refractive error can often . . . be the source of serious headaches." Plaintiff claims Defendant Alvarez reviewed the neurologist's report but denied Plaintiff's request for eyeglasses. Plaintiff also states that he obtained an order from Maricopa County Superior Court for eyeglasses, but that Defendant Alvarez refused to provide them.

Plaintiff seeks declaratory and injunctive relief, as well as money damages.

**III.     Failure to State a Claim**

    **A.     Maricopa County Board of Supervisors**

Plaintiff's only allegation against the Maricopa County Board of Supervisors is

---

[1] Plaintiff also states that he was denied eyeglasses in 2003, 2004, and 2005. These allegations appear to simply be background information, not claims for relief, and would, in any event, be barred by the statute of limitations. The Court will therefore consider Plaintiff's allegations dating from 2011 to present.

**TERMPSREF**

- 3 -

that
> The Maricopa County Board of Supervisors had the lawful duty to decide which county department should bear the expense of providing eyeglasses to the Plaintiff but instead chose to have the Maricopa County Attorney[']s Office create policies/procedures/protocols in conspiracy with CHS that deprived the Plaintiff medically necessary and medically prescribed eyeglass.

Amended Compl. at 13.

Although *pro se* pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. *Id*.

Plaintiff has not alleged facts demonstrating that he was denied eyeglasses because of monetary decisions made by the Maricopa County Board of Supervisors. Further, the Maricopa County Attorney's Office represents Maricopa County in court; it does not set medical policy for jail detainees and Plaintiff offers nothing more than a conclusory allegation that the Board of Supervisors somehow delegated this authority to the Maricopa County Attorney's Office. The Court will therefore dismiss Defendant Maricopa County Board of Supervisors.

### B.   Defendant Flaggman

Plaintiff's facts demonstrate that Defendant Flaggman was the Assistant Maricopa County Attorney who represented Correctional Health Services in opposing Plaintiff's state court motion for eyeglasses. Plaintiff's facts show only that Defendant Flaggman presented her client's position to the state court; they do not demonstrate that Defendant Flaggman was responsible for Correctional Health Services' policy regarding the provision of eyeglasses. The Court will dismiss Defendant Flaggman.

### C.   Defendant Barker

Plaintiff alleges that Defendant Barker is a medical care provider who, at the direction of Defendant Alvarez, denied Plaintiff's request for eyeglasses. This is

insufficient to show that Defendant Barker was deliberately indifferent to Plaintiff's need for eyeglasses. Plaintiff does not allege or demonstrate that Defendant Barker had any authority to obtain eyeglasses for Plaintiff after the request had already been denied by Defendant Alvarez. The Court will dismiss Defendant Barker.

### IV.    Claims for Which an Answer Will be Required

Liberally construed, Plaintiff has adequately stated an Eighth and Fourteenth Amendment medical claim against Defendant Alvarez for the denial of eyeglasses. The Court will require Defendant Alvarez to answer the First Amended Complaint.

### V.    Pending Motions

#### A.    Motion to Seal Record in Support of First Amended Complaint

Plaintiff has filed a Motion (Doc. 21) asking that the Court seal the exhibits to his First Amended Complaint as they contain medical records. The Court will grant the Motion.

#### B.    Motion for Temporary Restraining Order and Preliminary Injunction and January Motion for Court Order

On November 13, 2012 Plaintiff filed a Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 23). On January 2, 2013 Plaintiff filed a "Motion for Court Order" (Doc. 26), requesting that the Court rule on the November Motion. The court will deny the January 2nd Motion as moot.

A temporary restraining order can be issued without notice

> only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Fed. R. Civ. P. 65(b). See also LRCiv 61.1.1 ("Ex parte restraining orders shall only issue in accordance with Rule 65, Federal Rules of Civil Procedure."). Plaintiff has not

TERMPSREF

- 5 -

1 certified what efforts, if any, he has made to give notice to Defendants. Accordingly, the
2 Court will deny Plaintiff's Motion for a Temporary Restraining Order.

3 To obtain a preliminary injunction, the moving party must show "that he is likely
4 to succeed on the merits, that he is likely to suffer irreparable harm in the absence of
5 preliminary relief, that the balance of equities tips in his favor, and that an injunction is in
6 the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 129 S. Ct. 365,
7 374 (2008). The moving party has the burden of proof on each element of the test.
8 *Environmental Council of Sacramento v. Slater*, 184 F. Supp. 2d 1016, 1027 (E.D. Cal.
9 2000).

10 In this case, the relief Plaintiff seeks is extremely vague. Plaintiff asks that the
11 Court require Defendants to "arrange for an examination and a plan of treatment by a
12 qualified specialist outside of 'CHS' and to [issue] a preliminary injunction requiring the
13 Defendants to carry out the plan of treatment." Plaintiff has a number of medical
14 conditions, but only the provision of eyeglasses is at issue in this case; accordingly,
15 Plaintiff's request for relief does not appear to be directly related to his First Amended
16 Complaint.

17 Further, Plaintiff has not demonstrated that he will suffer irreparable harm in the
18 absence of a preliminary injunction. Although Plaintiff alleges that he suffers from
19 chronic pain and headaches as the result of the denial of eyeglasses, his medical records
20 also indicate that he receives pain medication and regular medical care. Accordingly,
21 Plaintiff has not demonstrated the type of irreparable injury necessary to obtain a
22 preliminary injunction. The Court will deny the Motion.

23 **C.   Motion for Court Orders, Harassment**

24 On November 30, 2012, Plaintiff filed a Motion in which he claims a jail
25 employee in Inmate Legal Services is harassing him by denying him legal supplies and
26 delaying the processing of his legal pleadings. Plaintiff seeks an Order prohibiting the
27 employee form having access to Plaintiff's legal materials and requiring Sheriff Arpaio to
28 immediately provide Plaintiff with legal supplies.

TERMPSREF

Plaintiff's Motion is essentially a request for injunctive relief. However, the requested relief is not related to Plaintiff's claims in his First Amended Complaint. A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in suit. *Kaimowitz v. Orland, Fla.*, 122 F.3d 41, 43 (11th Cir.) (*per curiam*), *amended*, 131 F.3d 950 (11th Cir. 1997) (*per curiam*). The Court will therefore deny the Motion.

**VI. Warnings**

**A.     Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

**B.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**C.     Copies**

Plaintiff must serve Defendant, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. *See* LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v.*

TERMPSREF

1 *Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's November 13, 2012 Motion to Seal Record Support of First Amended Complaint (Doc. 21) is **granted**; the Clerk of Court must **seal** the exhibits to the First Amended Complaint.

(2) Plaintiff's November 13, 2012 Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 23) is **denied**.

(3) Plaintiff's November 30, 2012 Motion for Court Orders (Doc. 24) is **denied**.

(4) Plaintiff's January 2, 2013 Motion for Court Order (Doc. 26) is **denied** as moot.

(5) Defendants Maricopa County Board of Supervisors, Barker, and Flaggman are **dismissed** without prejudice.

(6) Defendant Alvarez must answer the First Amended Complaint.

(7) The Clerk of Court must send Plaintiff a service packet including the First Amended Complaint (Doc. 20), this Order, and both summons and request for waiver forms for Defendant Alvarez.

(8) Plaintiff must complete and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(9) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and First Amended Complaint on Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(10) The United States Marshal must retain the Summons, a copy of the First Amended Complaint, and a copy of this Order for future use.

TERMPSREF

(11)     The United States Marshal must notify Defendant Alvarez of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  The notice to Defendant must include a copy of this Order.  **The Marshal must immediately file signed waivers of service of the summons.  If a waiver of service of summons is returned as undeliverable or is not returned by Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must**:

   (a)     personally serve copies of the Summons, First Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

   (b)     within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant.  The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, First Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required.  Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(12)     **If Defendant agrees to waive service of the Summons and First Amended Complaint, he must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(13)     Defendant Alvarez must answer the First Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

TERMPSREF

1   (14)   This matter is referred to Magistrate Judge David K. Duncan pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

Dated this 11th day of February, 2013.

_____
David G. Campbell
United States District Judge

TERMPSREF